AO 472 (Rev. 6/05) Order of Detention Pending Trial

# United States District Court
Eastern District of Michigan

United States of America          **ORDER OF DETENTION PENDING TRIAL**
   v.

Safi Sobh          Case Number: 04-80480
    Defendant

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I – Findings of Fact
(1) I find that:
- there is probable cause to believe that the defendant has committed an offense
- for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 or _____;
- under 18 U.S.C. § 924(c).

(2) I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternative Findings
✓ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

- I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.–Not shown by the standard of clear and convincing evidence.

## Part II – Written Statement of Reasons for Detention

Court considered the indictment, the testimony of the two government agents, the government's Memorandum in Support of Detention, and Pretrial Services report which recommended detention.

I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):

✓ (a) nature of the offense–this is a substantial and sophisticated mortgage fraud conspiracy case involving multiple defendants. Fraudulently obtained over $3,270,000 dollars from various banks and financial institutions. Involves individuals who served as appraisers, mortgage loan officers, property managers, nominees, notary publics, and others. Based on documents and interviews of co-defs, def received directly greater than $2 million via 19 fraudulent loans to himself. Def is alleged to be the coordinator of conspiracy and teacher of multiple fraudulent mortgage transactions to other individuals who worked as brokers

and others as nominees.  At least one def (Hazime) is a fugitive in Lebanon.  Def taught mortgage brokers classes out of a business–Allerton Financial and he owned another company The Success Group.

✓ (b) weight of the evidence–def and others have been indicted after extensive investigation.  Some co-defs have fled and some co-defs have been convicted of murder in unrelated case.  Per govt, sentencing guidelines for this def are 97 to 121 months.  Def represented that he would cooperate but did not.  Instead, after conversations with agents and representing would cooperate, he fled the country, abandoning his family, causing the house where they were living to go into foreclosure and resulting in their eviction.  He also abandoned the business at this time and obtained, based on witness statements and record, an additional $187,000 through fraudulent means via cash advances on credit cards and/or loans from relatives.  Subsequently, def sought permanent residence in Canada claiming, inter alia, that US government was out to get him, but then abandoning claim when he was advised that he would be held in custody and consenting to return to US.

✓ (c) history and characteristics of the defendant –def is a 33 year old male, native of Lebanon, naturalized US citizen. He is married and father of two minor children.  These family members used to live in Dearborn, MI and def's mother lives in Dearborn.  Def and family live in Toronto Canada.  Witnesses report that def has house in Lebanon.

- ✓1) physical and mental condition–not significant
- ✓2) employment, financial, family ties–employment is related to the indicted conduct, finances are as well, family ties are minimal with respect to keeping him here as he left wife and the children when he fled after being charged.  In addition, wife is a notary public whose stamp was involved in the fraudulent conduct and may have been involved in the underlying criminal conduct.  In addition, she has refused on earlier occasions to reveal the whereabouts of def to federal agents seeking to locate him. Further, other family members are alleged to be involved in the fraudulent loans and other fraudulent related activities.
- ✓3) criminal history and record of appearance–has failed to appear on previous state cases (misdemeanors) and warrants issued.  In addition, has a driving on a suspended license.

✓ (d) probation, parole or bond at time of the alleged offense–not on probation, parole, or bond.
✓ (e) danger to another person or community–although two co-defs convicted of murder no evidence on this record that def involved in those crimes.

Court finds that there are no conditions or combination of conditions that will reasonably assure his appearance for trial.  Def is facing a sentence of 8 to 10 years in prison. Court has considered less restrictive conditions such as a tether, but, consistent with the conclusion of Pretrial Services, finds that this would be insufficient to prevent flight.  I do not accept the representations of defense counsel that putting up the "family home" would be sufficient to keep def here.  Def has demonstrated disregard for his promises to appear, has abandoned his family to flee these charges, has demonstrated that he has access to funds to flee, and has failed to cooperate per his promises.  He has assets in Lebanon and outside the US.  In addition, the vast majority of funds are unrecovered and beyond the reach of the US government.  One def has already fled, family members are either involved in the criminal conduct and/or unwilling to cooperate with the government.

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving

sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

|  | s/Virginia M. Morgan |
|---|---|
| *Date*  6/14/06 | *Signature of Judge* |
|  | Virginia M. Morgan, United States Magistrate Judge |
|  | *Name and Title of Judge* |