UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

      Plaintiff,

                                  Case No. 04-80480

v.

                                  Honorable Patrick J. Duggan

D-11 SAFI SOBH,

      Defendant.
_____/

**<u>OPINION AND ORDER DENYING (1) DEFENDANT'S MOTION REQUESTING DISMISSAL AND (2) AMENDED MOTION FOR DISMISSAL BASED UPON A VIOLATION OF THE SPEEDY TRIAL ACT</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 29, 2007.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Defendant is charged by way of a superseding indictment with conspiracy, bank fraud, and forfeiture. Presently before the Court is defendant's *pro se* Motion Requesting Dismissal Due to Speedy Trial Violation and an Amended Motion for Dismissal Based Upon a Violation of the Speedy Trial Act, filed by defendant's counsel. For the reasons that follow, defendant's motions are denied.

Although the superseding indictment in this case was issued on January 25, 2006, defendant only was arraigned on the indictment on May 26, 2006, after being arrested by Canadian authorities and returned to the United States. In the meantime, other defendants

named in the superseding indictment, who had been arraigned, sought and obtained a continuance of the original May 2, 2006 trial date to October 10, 2006.

On September 6, 2006, the government and counsel for the arraigned defendants, which by this time included defendant, submitted a stipulated order to continue the October 2006 trial date until a date on or after February 13, 2007. The parties further stipulated that the period between October 10, 2006 and the new trial date should be considered excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161. In the stipulation, the parties set forth a number of factors supporting the delay.

For example, counsel provided that "[t]he time limits established by the Speedy Trial Act are inadequate to permit preparation in this case, because of the number of defendants and the complexity of the case." 9/22/06 Stipulation at ¶ 7. Specifically as to defendant, the stipulation stated:

> Because discovery consists of over 3,200 pages of mortgage,
> bank and credit company records, as well as physical
> evidence recovered in searches and witness statements,
> counsel for Safi Sobh has not had sufficient time to review the
> evidence, prepare a defense, or counsel his client on the
> advisability of proceeding to trial.

*Id*. at ¶ 4. The stipulation further explained that the Assistant United States Attorneys assigned to the case had previous commitments conflicting with the October trial date. *Id*. at ¶¶ 11-12. Finally, the parties informed the Court that the FBI Special Agent who was the primary case agent since the inception of the investigation of defendants was serving a temporary assignment in the Middle East and was not expected to return until sometime

in November 2006, at which time the government needed approximately six weeks to finalize its trial preparations. *Id*. at ¶ 13.

On September 22, 2006, the Court issued an order granting the parties' request for an adjournment of the trial date and setting a new trial date of April 24, 2007. The Court further ordered that the time until April 24, 2007, was deemed excludable delay for purposes of Section 3161. In the order, the Court indicated that it "has considered the stipulations of the parties" and "finds that granting an adjournment of the trial date, and tolling the Speedy Trial Act until a date on or after February 13, 2007, are necessary to ensure due process for these defendants." 9/22/06 Order (emphasis omitted). The Court further stated that it "finds that the ends of justice served by this delay outweigh the interests of the defendants and of the public in a speedy trial." *Id*.

Thereafter, on November 13, 2006, defendant submitted a letter to the Court, asking the Court to withdraw his retained attorney and to appoint a lawyer to represent him. The following day, defendant filed a *pro se* motion requesting dismissal due to a speedy trial violation. The Court held a hearing on defendant's request for a new attorney on November 30, 2006. Although the delay in defendant's trial was discussed at the hearing– as it was one of the reasons defendant was dissatisfied with his attorney– the Court did not decide or even address defendant's then pending *pro se* motion to dismiss. The Court, however, did grant defendant's motion for a new attorney. Thereafter, new counsel was appointed to represent defendant and, on February 14, 2007, defendant's new attorney filed the pending amended motion to dismiss.

3

In his amended motion, defendant claims that he never consented to the adjournment to which his former attorney stipulated and therefore his rights under the Speedy Trial Act have been violated. Defendant further argues that his rights have been violated because the Court failed to set forth particularized reasons for excluding the period of delay in its September 22, 2006 order. The government filed a response to Defendant's motion on February 26, 2007, arguing foremost that the Court denied defendant's *pro se* motion to dismiss at the November 30, 2006 hearing, and that his amended motion therefore is an untimely request for the Court to reconsider its decision. The government alternatively argues that Defendant forfeited the right to challenge the continuance of the October 10, 2006 trial date because he consented to the request and stipulated to the need for the delay.

As indicated previously, the Court did not decide defendant's *pro se* motion to dismiss during the November 30 hearing. Nevertheless, the Court agrees with the government that defendant waived his right to challenge the delay due to his previous counsel's action in entering into the September 22, 2006 stipulation. *United States v. Howard*, 218 F.3d 556, 562 (6th Cir. 2000). But even if defendant did not waive his right to challenge the delay, this Court already has found the delay properly excluded pursuant to Section 3161(h)(8). 9/22/06 Order.

Although not specifically stated in the Court's order, the reasons set forth in the parties' September 22, 2006 stipulation supported this finding. This includes defense counsels' representations in paragraphs 4 and 7 of the stipulation that they did not have

sufficient time to prepare for the October 10 trial date due to the number of defendants and the complexity of the case.[1]  *See* 18 U.S.C. §§ 3161(h)(8)(A) & (B)(ii), (iv).  In light of defense counsels' representations, the Court concluded that the failure to grant the parties' request for a continuance would result in a miscarriage of justice.  As the Court stated in its Order, the continuance was necessary to ensure due process for defendants.  As indicated previously, the Court also specifically stated in its order that the ends of justice served by the continuance outweighed the best interest of the public and defendants in a speedy trial.

Based on the above, the Court concludes that there has been no violation of the Speedy Trial Act.  Accordingly,

**IT IS ORDERED**, that Defendant's Motion Requesting Dismissal Due to Speedy Trial Violation is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant's Amended Motion for Dismissal Based Upon a Violation of the Speedy Trial Act is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

---

[1] Additionally, the delay was properly excluded due to the absence of a co-defendant, Mohamed Hazime, and the unavailability of the primary investigating FBI Special Agent until sometime in November 2006, as set forth in paragraphs 5 and 13 of the stipulation.  *See* 18 U.S.C. § 3161(h)(3)(A).