UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

       Plaintiff,

                                    Case No. 04-80480

v.

                                    Honorable Patrick J. Duggan

D-11 SAFI SOBH,

       Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 18, 2007.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

      Defendant is charged by way of a superseding indictment with conspiracy, bank fraud, and forfeiture. Defendant previously filed motions requesting dismissal of the superseding indictment due to alleged Speedy Trial Act violations. This Court denied defendant's motions in an opinion and order issued on March 29, 2007. Presently before the Court is defendant's motion for reconsideration of that opinion and order, filed on April 12, 2007.

      Pursuant to Eastern District of Michigan Local Rule 7.1(g), which is applicable to motions filed in criminal matters pursuant to Local Criminal Rule 12.1(a), a motion for reconsideration will not be granted "that merely present[s] the same issues ruled upon by

the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3). To prevail on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* Defendant raises no issues in his motion for reconsideration that have not already been ruled upon by this Court. Moreover, defendant fails to demonstrate a palpable defect in this Court's decision.

Contrary to defendant's assertion now and in his previous motion, this Court did place on the record in the September 22, 2006 order adjourning the trial date (therefore before deciding his motions to dismiss) its reason for the continuance– i.e. "to ensure due process for the[] defendants." (9/22/06 Order [Dkt. No. 153].) The Court further stated in that order its "find[ing] that the ends of justice served by the delay outweigh the interests of the defendants and of the public in a speedy trial." (*Id.*)

Defendant also argues that the stipulation to adjourn the trial date, filed on September 22, 2006, was ineffective as to him because he discharged his previous defense counsel, Mr. Kalec, before Mr. Kalec stipulated to the adjournment. Defendant, however, only submitted a request asking the Court to "withdraw" Mr. Kalec from the case and appoint a "public lawyer" to represent him on November 14, 2006. Until the Court granted defendant's request, Mr. Kalec continued to represent defendant– at least so far as the Court, the government, and the remaining defendants' counsel were concerned. *See, e.g.,* E.D. Mich. LCrR 57.1(a).

Accordingly,

**IT IS ORDERED**, that defendant's motion for reconsideration is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record