UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                          Criminal Case No. 04-80480-11
                                          Honorable Patrick J. Duggan

SAFI SOBH,

      Defendant.
_____/

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 27, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Presently before the Court is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, filed by Defendant Safi Sobh ("Sobh") on May 6, 2010. The Government filed a response to the motion on June 29, 2010. Sobh filed a "traverse" to the Government's response on July 29, 2010. For the reasons that follow, the Court denies Sobh's motion.

**Background**

On January 25, 2006, Sobh and several other individuals (collectively "Defendants") were charged in a First Superseding Indictment with conspiracy to commit

federal bank fraud and aiding and abetting one another in the crime of bank fraud. The indictment alleged that between 2002 and 2005, Defendants conspired to obtain over $1.5 million in fraudulent mortgage loans by "flipping" property located in the metropolitan Detroit area.

Sobh was tried before a jury and was convicted as charged on May 15, 2007. On October 2, 2007, this Court sentenced Sobh to a term of imprisonment of 60 months for the conspiracy conviction and 120 months for the bank fraud conviction. Sobh filed an appeal of right claiming that his Speedy Trial Rights had been violated. On May 13, 2009, the Sixth Circuit Court of Appeals affirmed Sobh's conviction. *United States v. Sobh*, 571 F.3d 600 (6th Cir. 2009).

Sobh now raises two grounds in support of his request for collateral relief. First, he asserts that the Court lacked subject matter jurisdiction because the indictment was deficient. Specifically, Sobh argues that the indictment failed to identify certain acts that are required to "flip" real estate: the submission of a false HUD-1 form provided to the lenders reflecting that the down payment was paid by the buyer and the certified report that the verification of employment forms had been authenticated by direct contact with the employers shown on the forms. (Mot. at 4.) Sobh further asserts that he was denied the effective assistance of trial and appellate counsel based on counsels' failure to challenge the sufficiency of the indictment.

**Analysis**

"'[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887 (1974)).

Sobh was convicted of conspiracy to commit bank fraud and bank fraud. "A conspiracy charge requires the Government to 'prove an agreement between two or more persons to act together in committing an offense, and an overt act in furtherance of the conspiracy.'" *United States v. Hunt*, 521 F.3d 636, 647 (6th Cir. 2008) (quoting *United States v. Crossley*, 224 F.3d 847, 856 (6th Cir. 2000)). To prove bank fraud in violation of 18 U.S.C. § 1344, the Government must prove three elements: "'(1) that the defendant knowingly executed or attempted to execute a scheme to defraud a financial institution; (2) that the defendant did so with the intent to defraud; and (3) that the financial institution was insured by the FDIC.'" *United States v. Moffie*, 239 F. App'x 150, 155 (6th Cir. 2007) (quoting *United States v. Hoglund*, 178 F.3d 410, 413 (6th Cir. 1999)).

The First Superseding Indictment contains the elements of both offenses. Paragraph 15 of the indictment states that "defendants conspired and agreed with each other . . . to defraud and to obtain money or funds in the custody and control of financial institutions by means of false and fraudulent pretenses, representations and promises, and to launder the money they obtained." (Doc. 112 ¶ 15.) The indictment continues:

"During the course of the scheme, the conspirators obtained fraudulent mortgage loans on numerous properties located in the metropolitan Detroit area . . ." (*Id*.) With respect to Sobh, specifically, the indictment also alleges *inter alia* that he "orchestrat[ed] fraudulent loans himself." (*Id*. ¶ 16.) The indictment then proceeds to explain how the loans were fraudulent and provides examples of some of the fraudulent loans. (*Id*. ¶¶ 16c, d; *see also id*. ¶¶ 27-28.) The indictment alleges that Defendants engaged in the described conduct with the intent to defraud financial institutions and that those financial institutions were insured by the FDIC. (*Id*. ¶¶ 1, 33.)

In short, the First Superseding Indictment contains the elements of the offenses charged and clearly informs Sobh of the charges against him. It provides extensive detail with respect to the conduct out of which the charges arose, even including an explanation of what "flipping property" involves. (*Id*. ¶ 2.) The allegations that Sobh complains to be missing from the indictment are not "elements" of the offenses charged and did not need to be included in the indictment to fairly inform Sobh "of the charge[s] against which he must defend, and, [to] enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Anderson*, *supra*.

Thus, there is no merit to Sobh's claim that the indictment was insufficient. For that reason, Sobh's ineffective assistance of trial and appellate counsel claim based on counsel's failure to challenge the sufficiency of the indictment lacks merit as well.

## Conclusion

For the above reasons, this Court finds no basis for vacating, setting aside, or correcting Defendant's conviction and/or sentence pursuant to 28 U.S.C. § 2255.

Accordingly,

**IT IS ORDERED**, that Defendant's motion under § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Safi Sobh
40574-039
FMC Lexington
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

AUSA Cynthia Oberg