UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                      Criminal Case No. 04-80480-11
                                      Honorable Patrick J. Duggan

SAFI SOBH,

       Defendant.
_____/

**OPINION AND ORDER (1) GRANTING DEFENDANT'S MOTION REQUESTING LEAVE TO ENTER AFFIDAVIT INTO EVIDENCE AND (2) DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THIS COURT'S AUGUST 27, 2010 OPINION AND ORDER DENYING HIS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

On May 15, 2007, Defendant Safi Sobh "(Sobh") was convicted as charged in a First Superseding Indictment of conspiracy to commit federal bank fraud and aiding and abetting other co-defendants in the crime of bank fraud. This Court sentenced Sobh on October 2, 2007. After failing to prevail on appeal, Sobh filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which this Court denied in an opinion and order entered August 27, 2010. Presently before the Court is Sobh's motion for reconsideration of that decision and his motion requesting leave to enter an affidavit into evidence in support of his motion for reconsideration, both filed October 14, 2010.

On October 22, 2010, this Court issued a notice requesting the Government's response to Sobh's motion for reconsideration on or before November 19, 2010. After seeking and obtaining an extension of time to respond, the Government filed its response

on November 29, 2010. For the reasons that follow, the Court grants Sobh leave to submit his affidavit in support of his motion for reconsideration. Despite the evidence presented in the affidavit, however, Sobh fails to demonstrate that the Court committed a palpable defect in deciding his § 2255 motion, the correction of which would result in a different disposition of his case. *See* E.D. Mich. LR 7.1(h)(3). The Court therefore is denying his motion for reconsideration.

In his § 2255 motion, Sobh raised two grounds in support of his request for relief: (1) the Court lacked subject matter jurisdiction because the First Superseding Indictment (hereafter "indictment") was deficient; and (2) he was denied the effective assistance of trial and appellate counsel based on counsels' failure to challenge the sufficiency of the indictment. Specifically, Sobh argued that the indictment was deficient because it failed to identify certain actions that are required to "flip" real estate which was the Government's theory as to how Sobh and his co-conspirators defrauded federal banks. This Court rejected both claims in its August 27, 2010 opinion and order, concluding that the indictment contains all of the elements of the offenses charged and clearly informed Sobh of the charges against him. (Doc. 283 at 4.)

In his motion for reconsideration, Sobh continues to argue that the indictment had to set forth "all the acts and misrepresentations" necessary to "flip" real estate in order to contain all of the elements of the offenses charged. Sobh also argues that because the evidence failed to show that he or his co-conspirators submitted false HUD-1 statements, he cannot be convicted of the charged crimes. Both arguments lack merit.

This Court already addressed Sobh's first argument in its August 27, 2010 decision. As Local Rule 7.1 provides: "Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonably implication." E.D. Mich. LR 7.1(h)(3). With respect to Sobh's second argument, as the Government indicates in its response brief, "there is no requirement in the law that only those who submit false HUD-1s can be convicted of bank fraud, or of conspiring to commit bank fraud." (Doc. 291 at 2.) Proof of a conspiracy charge under 18 U.S.C. § 371 requires, *inter alia*, that the defendant or a co-conspirator committed only "*an* overt act in furtherance of the conspiracy." *United States v. Hunt*, 521 F.3d 636, 647 (6th Cir. 2008) (emphasis added) (quoting *United States v. Crossley*, 224 F.3d 847, 856 (6th Cir. 2000)). To prove bank fraud in violation of 18 U.S.C. § 1344, the Government must prove *inter alia* that "the defendant knowingly executed or attempted to execute a scheme to defraud a financial institution." *United States v. Moffie*, 239 F. App'x 150, 155 (6th Cir. 2007) (quoting *United States v. Hoglund*, 178 F.3d 410, 413 (1999)). There is no requirement with respect to either offense that the defendant and/or his co-conspirators committed every act in furtherance of the scheme to defraud a financial institution.

For the above reasons, this Court finds no defect in its August 27, 2010 decision. Accordingly,

**IT IS ORDERED**, that Defendant Safi Sobh's motion requesting leave to enter his affidavit into evidence is **GRANTED**;

**IT IS FURTHER ORDERED**, that Defendant Safi Sobh's motion for reconsideration of this Court's August 27, 2010 decision denying his motion under § 2255 is **DENIED**.

DATE: December 9, 2010         s/PATRICK J. DUGGAN
                               UNITED STATES DISTRICT JUDGE

Copies to:
Safi Sobh
40574-039
FMC Lexington
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

AUSA Cynthia Oberg